In the Matter of the Application of JOSEPH E. JORDAN, Petitioner, for Leave to Commence a Proceeding against LEWIS J. VALENTINE, Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 29, 1939.

*Albert B. Breslow*, for the petitioner.

*William C. Chanler, Corporation Counsel [Ezekiel G. Stoddard*, of counsel], for the respondent.

LEVY, J. Petitioner was retired on March 16, 1938, for mental and physical disability arising, as certified by the records, in the performance of police duty. He now asserts that the police commissioner erred in not awarding him full three-quarter pay on retirement pursuant to subdivision 3 of section B18–5.0 of the Administrative Code. Ordinarily his claim would be barred by the provisions of section 1286 of the Civil Practice Act. He, therefore, seeks an extension of time under that section, which authorizes an application to be made within two years where the petitioner at the time of the final determination complained of was " under the age of twenty-one years, or insane, or imprisoned on a criminal charge." The petitioner's request is based upon an alleged claim of insanity at the time of the retirement.

The police commissioner attempts to rebut the claim by showing that petitioner was at that time in full possession of his faculties. He supports this position by letters which indicate in June, July and November, 1938, that petitioner had fully recovered from his mental disability. In fact, petitioner there seeks reinstatement by reason of his alleged recovery. None of these letters, however, are decisive of petitioner's mental condition in March, 1938. The word " insane " or " insanity " ordinarily implies every degree of unsoundness of mind. (*De Gogorza* v. *Knickerbocker Life Ins. Co.*, 65 N. Y. 232, 237.) Degrees of insanity are recognized in jurisprudence. Thus, a criminal of somewhat impaired intellect might nevertheless be held liable for the consequences of his act if he knew its nature and the results that would flow from it. There is no reason, however, to interpret the statute in question so as to limit its application.

If the petitioner was of unsound mind within the general definition of insanity, the strictness of the provisions of the statute should be relaxed so as to give it a liberal construction. The fact that the petitioner wrote letters averring that he was of sound mind is not inconsistent with the actual existence of a condition of insanity. It is a common occurrence that persons of unsound mind will frequently deceive themselves and those in their immediate circle by a feigned sanity.

The question of petitioner's mental condition at the time of his retirement and for the period thereafter will be referred to Hon. Richard P. Lydon, official referee, to hear and report thereon. The inquiry into petitioner's mental state for the period following retirement is to aid in determining whether, after actual recovery, he was guilty of laches. In the meantime the disposition of the motion to extend petitioner's time will be held in abeyance.